## Re Road in Verona Borough and Penn Township.

Where a road is partly in a borough and partly in a township the general road law applies and is not superseded and repealed by the general borough law.

Where a road has been confirmed under the general road law, in order to defeat the proceedings on the ground of want of jurisdiction, it ought to affirmatively appear upon the record that the road is wholly within the borough.

Where a road has been confirmed absolutely and the time for filing exceptions or review has fully expired, good and sufficient reasons must be shown to the court before the proceedings will be disturbed.

(Argued November 1, 1887. Decided January 3, 1888.)

October Term, 1887, No. 162, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Certiorari to the Quarter Sessions of Allegheny County to review a decree dismissing a petition praying that the confirmation of a road be set aside. Affirmed.

The facts of the case are as follows:

On December 12, 1885, certain of the inhabitants of the borough of Verona and township of Penn presented their petition setting forth that they labored under great inconvenience "for want of a public road or highway to lead from the southern end of Fourth avenue in the borough of Verona, to a point on the public road known as Verner Hill road, at or near the property of Henry Morrow;" and Charles Davis, artist, W. A. Tomlinson, and Peter Best were appointed viewers to make report to March session, 1886. This order to view was extended and made returnable to June session, 1886, and June 7, 1886, the report was presented in open court and confirmed nisi, and was at Septem-

Cited in Re Cassville Road, 4 Pa. Super. Ct. 511, 513.

NOTE.—That the quarter sessions has jurisdiction of a proceeding to open a road which lies in a borough and township is held in Re Cassville Road, 4 Pa. Super. Ct. 511, the authorities being collected in the opinion of the court. The contrary is true where the road lies wholly in one borough, or in two adjoining boroughs. Re West Liberty & K. Roads, 20 Pa. Super. Ct. 586.

ber sessions, 1886, confirmed absolutely, no exception having been taken thereto.

An order to open having been issued, the supervisors of roads in Penn township presented a petition to the court March 26, 1887, asking that the confirmation absolute be set aside and that the petitioners be permitted to file exceptions and that all proceedings may be quashed, for reasons in said petition specified.

The court, on the presentation of the petition, granted a rule to show cause why the prayer should not be granted, returnable to April 2, 1887.

The following reasons were filed for the above rule:

1. The said petition and certificate, or report of viewers, show that the court had no jurisdiction to entertain the said proceedings and grant the prayer of the petitioners that viewers be appointed and a view had, because under the charter of the borough of Verona the burgess and town council alone have the power and authority to locate and open a highway in the said borough; and the said court has no authority to locate or open, or appoint viewers to locate or open, a road or highway, or any part thereof, within the limits of the said borough.

2. The said petition and certificate do not show that the court had jurisdiction to entertain said proceedings.

3. The petition for the road and report of viewers as to termini of the said road are too vague, indefinite, and uncertain.

4. It appears from said report of viewers that the same viewers appointed by the court did not view and locate the road described in the said report, or sign the report.

5. Because the supervisors of roads received no notice of the said proceedings, or of the time and place of meeting of said viewers.

6. Because the opening of said road and putting the same in passable condition will require the expenditure of a very large sum of money, the building of five bridges; and when opened it will be of no practical value or benefit to the residents or property owners of Penn township.

The following exceptions, *inter alia,* to the report of the viewers were filed:

1. The petition for the appointment of viewers, or order to view, show that the court had no jurisdiction to entertain the said proceedings, and grant the prayer of the petitioners that viewers be appointed and a view had, because under the act of

April 8, 1848 (P. L. 415), and April 21, 1873 (P. L. 824), and the other acts of assembly constituting the charter of the borough of Verona, the burgess and town council alone have the power and authority to locate and open a highway in said borough; and the said court of quarter sessions has no authority to locate, or open, or appoint viewers to locate or open, a road or highway, or any part thereof within the limits of said borough; said borough being incorporated by act of May 10, 1871 (P. L. 705).

2. The petition for appointment of viewers, and order to view, do not show that the court had jurisdiction to entertain the proceedings aforesaid. ,

4. It appears from the said report of viewers that the same viewers appointed by the court did not view and locate the road described in the said report, or sign the said report.

6. Because the opening of the said road, and putting the same in passable condition, will require the expenditure of a very large sum of money, the erection of five bridges; and when opened it will be of no practical value or benefit to the residents or property owners of Penn township, or the public at large.

7. Because the said road as located cannot be opened so that by moderate filling and bridging the elevation of the said road will be five degrees; but, on the contrary, the elevation thereof will be seven or eight degrees.

8. Because the point of beginning of the said road as shown in the plan attached to said report is not the same as that described in the petition and report of viewers; there being in point of fact a Fourth street and a Fourth avenue in the said borough of Verona, which are two different and distinct highways, and running through and located in different parts of said borough, as appears from the plan of said borough on the file among the records of this court at No. 31, December term, 1879.

9. Because in the said borough of Verona there is a plan of streets laid out by the authority of the town council thereof, and approved by the act of assembly of April 21, 1873 (P. L. 824), and on file among the records of the court of quarter sessions of Allegheny county, at No. 31, December term, 1879.

The court, MAGEE, J., filed the following opinion, dismissing the petition:

. . . It is admitted that the time for filing exceptions or review had fully expired before the present proceeding was be-

gun. Under the circumstances, therefore, I deem it essential that good and sufficient reason should be given before the proceedings are disturbed.

It is our duty, therefore, to examine the reasons assigned, and ascertain if they demand the interference of the court in the mode indicated.

The first and second reasons assigned relate to the jurisdiction of the court, and are, I take it, the material exceptions specified in the petition. The want of jurisdiction, if a valid objection, may be raised at any time in the proceedings.

These two exceptions are to this effect that the court had no jurisdiction to entertain the proceedings because the burgess and town council alone have the authority to locate and open a highway or road, or any part thereof, within the limits of the borough, and that the petition and certificate do not show that the court had jurisdiction.

When the street is wholly within the borough limits, the general road law is superseded and repealed by the general borough law—that is when the street begins and ends within the borough limits; but that is not the law with reference to such public roads as are or may be opened through the borough of which a part only is within the borough limits. "As to such road there is nothing in these acts (borough laws) to repeal the general law, or repugnant to it." *Re* Somerset & S. Road, 74 Pa. 61; *Re* South Chester Road, 80 Pa. 370.

These authorities settle the question of jurisdiction where the road is in part only in the borough limits.

It is conceded that in point of fact the road involved in this proceeding is partly in the borough and partly in Penn township; but it is contended that it does not affirmatively appear in the petition and certificate, and that, therefore, the road must be regarded as wholly within the borough limits. I take it that in order to defeat the proceeding on the ground of want of jurisdiction, it ought to affirmatively appear upon the record that the road is wholly in the borough; and this cannot be said to be the case. It further seems to me that the right of the supervisors of Penn township to be heard depends solely upon the fact that the road extends into the township of Penn; otherwise, what possible interest can the supervisors of Penn township have in the proceedings? It cannot be that the supervisors of a township can intervene because the sum of $50 has been assessed to

Allegheny county. Any objection in that respect must come from the county authorities. I cannot say that the court had no jurisdiction.

The third reason is that the petition for the road and report of viewers as to the termini and route of the said road are too vague, indefinite, and uncertain.

I do not assent to this exception; I regard it as not well taken.

The fourth exception is as follows: "It appears from the said report of viewers that the same viewers appointed by the court did not view and locate the road described in the said report or sign the said report."

Charles Davis, the county surveyor, was the artist viewer appointed by the court; his name does not appear to the report, but in place thereof the name of W. W. Shaw. Mr. Shaw is the deputy of Mr. Davis, who is the county engineer. It is admitted that Mr. Davis might, under the law, act by his deputy. He did so act by deputy, but it is contended that the evidence thereof ought to appear upon the face of the report, and that cannot be shown by certificate subsequently filed. I do not feel prepared to say as a matter of law that it cannot be shown that the persons making the view and signing the report were the persons contemplated and authorized by law to act as viewers. In this particular instance the county engineer certifies to the fact that W. W. Shaw is deputy engineer of Allegheny county, duly appointed under the act of February 24, 1873, and as such was duly deputed by him to survey and locate the road in Verona borough and Penn township, as per order of court made December 12, 1885, in No. 1, December session, 1885, and that said deputation was at the time inadvertently omitted on said order of court. This certificate appears on file, but not by leave of court; and it is urged that it can, therefore, have no weight in the matter. If the duly authorized party signs the report, the omission to state his authority to act and sign ought not to vitiate the proceedings.

The objection, I take it, is entirely technical, and to avail ought to have been taken in the time prescribed by law for the filing of exceptions. Besides, the signatures of the majority of the viewers is all that the law requires.

Fifth exception. Because the supervisors of roads of said township of Penn received no notice of the said proceeding, or of the time and place of meeting of the said viewers.

The report of the viewers says that, having "met pursuant to legal," etc.; and the affidavits in the case state that notices were properly given, and nothing to contradict is produced by the supervisors.

It cannot be assumed that the legal notices were not given in the case.

Sixth exception. This exception relates to expense of opening, etc.

If we were to regard this exception as one which now ought to have consideration, we would be compelled to say under the proofs as they appear in the affidavits on file that the weight of evidence would be against interference by the court on that account.

I have now considered all of the reasons assigned by the petitioners for the interference of the court, with the opening of the road in question.

I do not think that the prayer of the petitioners should be granted.

Rule discharged and petition dismissed.

The assignments of errors specified: (1) The action of the court in discharging the rule; (2–8) in failing to sustain petitioners' exceptions; and (9, 10) in dismissing the petition.

*J. P. Hunter,* for plaintiffs in error.—The court below had full power and authority to set aside the order confirming absolutely the report of viewers, and permit exceptions to the confirmation thereof to be filed. *Re* Road in Sterrett Township, 33 Pittsb. L. J. 417; *Re* Chartiers Twp. Road, 48 Pa. 314.

The viewers appointed were Charles Davis, Wm. A. Tomlinson, and Peter Bert. The viewers who participated in the view and signed the report were W. W. Shaw, Wm. A. Tomlinson, and Peter Bert. In Allegheny county, under the act of 1845, all the viewers must participate in the view. Yet here is a board of viewers different from that appointed by the court, participating in the view and signing the report. This is, we submit, a sufficient reason for setting aside the decree of confirmation and permitting exceptions to be filed. The attempt was made to cure this error by filing on April 2, 1887, a certificate purporting to have been signed by Charles Davis, county engineer, stating that W. W. Shaw had been deputized to act in his

stead. This was not filed by leave of court, nor was application made to file the same. This paper with no verification can avail nothing.

These proceedings should have been quashed, because the court had no jurisdiction to entertain them, it appearing from the petition and precept to viewers that the road is within the borough of Verona. The court of quarter sessions has no common-law jurisdiction in road cases; all the jurisdiction it possesses is given by the act of assembly. *Re* Liberty Alley, 8 Pa. 381; *Re* Church Road, 5 Watts & S. 200; *Re* Road, 1 Legal Chronicle, 120.

A reference to the act of 1836 shows that the petition is the initial proceeding, upon which all is based; and it must disclose such facts as will give the quarter sessions jurisdiction to entertain it.

The viewers are limited in their authority to the terms of the order issued to them. *Re* Road, 1 Legal Chronicle, 57; Schuylkill County's Appeal, 38 Pa. 459; *Re* Road, 84 Pa. 131.

The order must follow the petition; but it should be understood that the recital of facts stated in the petition does not constitute the order of the court; the order to the viewers commands them to do that which is requested, if, upon view, it is deemed expedient. *Re* Road, 1 Legal Chronicle, 120.

The acts of assembly constituting the charter of Verona borough repeal the general road law of 1836; and the municipal authorities have exclusive jurisdiction over highways within its limits. These acts are as follows: May 10, 1871 (P. L. 705); April 8, 1848 (P. L. 415); March 29, 1861 (P. L. 224); April 21, 1873 (P. L. 824).

Under these acts the municipal authorities are vested with full and complete authority over the highways. Verona's Appeal, 26 Pittsb. L. J.

The acts of 1836, 1848, 1861, and 1873, relate to the same subject-matter (highways), and are inconsistent with and repugnant to the general road law of 1836, and in addition thereto they have a repealing clause. A subsequent affirmative statute is a repeal by implication of a former one made concerning the same matter, if it introduces a new rule on the subject, and is evidently a substitute for the former. Johnston's Estate, 33 Pa. 511.

It is evident from these sections that it was the intention of

the framers of this act of incorporation to invest the officers of the borough with exclusive power over the streets, etc. The court of quarter sessions has been devested of its jurisdiction. There is, in fact, no supervisor to whom it could issue an order for opening a road. The councils have the entire control over the street commissioner; and I do not see by what authority the quarter sessions could issue its order to them. *Re* Road, 3 Rawle, 198.

The court of quarter sessions has no power to lay out a road wholly within the limits of a borough incorporated under the general borough act of 1851. *Re* South Chester Road, 80 Pa. 372.

While the act of 1851 forms no part of the charter of Verona borough (Com. *ex rel.* Bridgewater v. Montrose, 52 Pa. 391; Verona's Appeal, 26 Pittsb. L. J.) yet the authority of its officers is fuller and more complete than that of the officers of boroughs incorporated under the general borough act. *Re* Norwegian Street, 81 Pa. 349; *Re* Osage Street, 90 Pa. 117.

*Arch. H. Rowland, Jr.,* for defendant in error.—No doubt the court might, for proper cause shown, have annulled its decree, for, as said in *Re* Road in Brown Township, 33 Pittsb. L. J. 416: "Such power belongs to all courts;" but the court could not, as seems to be claimed by plaintiffs in error, allow exceptions to the report of viewers, after the time prescribed by statute for their reception. The next term after the filing and confirmation nisi of the report of viewers having passed, the right to file exceptions fell with the confirmation absolutely of the report. *Re* Walnut Street, 31 Phila. Leg. Int. 332.

The court could not throw open the proceeding for exception after the term had passed. Road Case, 3 Watts & S. 559; *Re* Public Road, 104 Pa. 261.

Plaintiff's fourth, fifth, sixth, seventh, ninth, and tenth points are bad, because they are founded on alleged exceptions to the report of viewers, when the court below had not jurisdiction to allow exceptions to report of viewers to be filed after confirmation absolutely.

As to the jurisdiction of the court below, defendants in error concede that the court below has no jurisdiction where streets or roads begin and end within the borough limits; but that is not the law with reference to such public roads as are or may be

opened through the borough, of which a part only is within the borough limits; as to such roads, there is nothing in these acts (borough laws) to repeal the general law, or repugnant to it. *Re* Somerset & S. Road, 74 Pa. 61; *Re* South Chester Road, 80 Pa. 370.

It is a sufficient description if the road terminates at a public road, although no point in such road be specified. *Re* Road, 9 Serg. & R. 35; *Re* Road, 4 Yeates, 514.

It is a sufficient description if the owner of a property is named at the termini on public road. *Re* Road, 4 Sad. Rep. 91.

We admit that the deputy surveyor signed as W. W. Shaw, when he should have signed as deputy of Charles Davis. We submit that the certificate of the county surveyor cured the defect. *Re* Killbuck Private Road, 77 Pa. 39.

In view of these plain recitals, and of the court having taken cognizance, we must presume, as a fact, that the route of the road is within the limits of the jurisdiction of the court. *Re* Road, 109 Pa. 120.

The question of fact is for the court below, and its decision is final, and not subject of review.

OPINION BY MR. JUSTICE STERRETT:

In their petition to the court of quarter sessions, certain inhabitants of Penn township and Verona borough represented that they labored under great inconvenience for want of a public road to lead from the southern end of Fourth avenue in the borough of Verona, to a point on the public road known as the Verner Hill road at or near the property of Henry Morrow, and asked for the appointment of proper persons to view and lay out the proposed road. Viewers were accordingly appointed, who, after complying with the requirements of the road law, as to notice, etc., proceeded to discharge the duties of their appointment, and in due time reported in favor of a public road between the termini named in the petition, giving the several courses and distances of the same. Their report was regularly approved, and the width of the road fixed at 30 feet.

In due course, and without objection from anyone, the report was confirmed absolutely and an order to open the road served on the supervisors of Penn township, in which it was located. Instead of proceeding to obey the order of court, these gentlemen then presented their petition, reciting the action of the

court, alleging want of jurisdiction to do what had been done, etc., and praying that the order confirming the report of viewers be set aside and all proceedings quashed. A rule to show cause was thereupon granted and a stay of proceedings ordered by the court. After hearing and due consideration of the reasons assigned for revoking the order of confirmation, the petition was very properly dismissed, at the costs of the petitioners.

In view of what has been said by the learned judge of the court below in his opinion disposing of the application, we deem it unnecessary to notice specially any of the nine specifications of error. There is no merit in either of them.

Proceedings affirmed, and ordered that the costs be paid by the petitioners.